Held, That there being no words of inheritance in the conveyance, described in the replication, and the words “her children” being words of purchase and not of limitation, the rule in Shelly’s case does not apply, and a fee simple was not vested in Sarah Gatewood, but she took an estate for life, and her children vested remainders, which were subject to execution and to the liens of judgments against them. Whether the remainders were estates for life or in ice it was unnecessary to decide.
Held also, That a defendant who relies upon his discharge as a voluntary bankrupt, to defeat a suit brought against him for the recovery of a debt, existing at the time of the passage of the bankrupt act, must show that such debt is not within the exceptions of the act ; and that the plea, in this case, was bad, because it did not show that the debt in question was not ail excepted one, or one not incurred in a fiduciary capacity. Sackett v. Andross, 5 Hill, (N. Y.); Stephens v. Ely, 6 id. 607; Varnum v. Wheeler, 1 Denio, 331; Maples v. Burnsides, id. 322.
Judgment reversed, &c.